WRIGHT, J.
The record of the Common Pleas shows the order to commit made in open court. In such .case a mittimus is not necessary — the order in court to the sheriff is bis authority, and the evidence of it being preserved of record, no writ or copy of the order was necessary. Could the accused be discharged except by complying with the order ? The legislature has extended the operation of the insolvent provisions to prisoners under the bastardy act (2 Ch. O. L 1424), and we see no objection to the constitutionality of the law. Such prisoner could therefore be discharged from custody altogether, or admitted to the prison bounds, under the insolvent laws. The fact of the order to commit is shown by the record — but the fact of the actual custody of the defendant, under that order, or of the oath taken, or of his discharge, does so appear. This is now objected to. These facts are admitted by the parties in their agreed case, and it would seem unnecessary to inquire, what kind of evidence exists to prove them? What is admitted in the case, the parties cannot deny afterwards. It is then a part of the case, that the defendant was committed and detained .under the order nntil he swore out of jail. But if it were not so admitted, we are not advised of any law requiring record to be kept of the commitment, the administration of the oath for the prison bounds, or of the discharge for want of support. The insolvent laws require of the commissioner of insolvents to keep a record of his proceedings, and if the discharge was by his order, the record ought to be produced, instead of lesser proof; but the plaintiff cannot object that any fact which he has chosen to admit is not evidenced by record, the production of which he has waived by the admission. 692] *But if the law required a record that the oath was administered, and the discharge given, we should not deprive the party of the benefit of it, because the sheriff and-justice neglected their duty in making the record. So far then as it regards the matters argued by counsel the cause is with the defendant; but we doubt if this defence is admissible under the general issue; and the *717 'notice discloses no matter warranting a judgment for the defendant. It asserts that the defendant was detained m custody until discharged by due course of law — this is not sufficient — it merely sets forth a legal proposition, without showing the facts upon which it claims to apply it. The rule requires the pleader to disclose facts which in law make a defence. You had better make up a more perfect issue by agreement.
The plaintiff objected to a change of the pleadings.
The defendant then asked and obtained leave to plead on the usual terms, and the cause was continued.